LARIAT CLUB, INC., DOING BUSINESS AS LARIAT CLUB, APPELLANT,
v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.
673 N.W.2d 29

Filed January 9, 2004.   No. S-02-324.

S. Nicholas Boggy, of Sidner, Svoboda, Schilke, Thomsen, Holtorf, Boggy & Nick, for appellant.

Don Stenberg, Attorney General, and Hobert B. Rupe for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Appellant, the Lariat Club, Inc., appeals from the decision of the district court for Lancaster County affirming the decision of the Nebraska Liquor Control Commission (the Commission) which canceled the liquor license of the Lariat Club. Because the Commission reached its decision based upon an issue not identified in the notice sent to the Lariat Club, the Lariat Club was denied due process, and we reverse, and remand with directions.

## STATEMENT OF FACTS

Calburt L. Sheets is the sole stockholder and manager of the Lariat Club, a bar located in Fremont, Nebraska. On January 21, 2001, a State Patrol officer stopped a vehicle driven by Sheets due to a warrant that had been issued as a result of Sheets' failure to pay an outstanding fine imposed following his conviction for driving under the influence of alcohol. At the time he was stopped, Sheets was driving with a suspended driver's license. After he stopped Sheets' vehicle, the State Patrol officer smelled marijuana, and following a search, marijuana was found in Sheets' left front pants pocket. According to the record, Sheets was arrested for driving under a suspended license; possession of marijuana, less than 1 ounce; and possession of drug paraphernalia. Sheets later pled guilty to driving under suspension, and the other charges were dropped.

On March 29, 2001, the Commission issued a show cause order to the Lariat Club. The show cause order directed the Lariat Club to show cause "as to whether or not the license should be suspended, canceled or revoked due to owner Calburt L. Sheets, having an outstanding warrant, was found [sic] driving without a license, in possession of marijuana and a DWI in 1997." A hearing was scheduled for April 19 on the show cause order. Following receipt of the show cause order, the Lariat Club requested that the rules of evidence apply at the hearing.

After being rescheduled, the hearing on the show cause order was held on May 15, 2001. The record from the hearing contains the live testimony of two witnesses. The patrol officer who arrested Sheets testified. Sheets testified on behalf of the Lariat Club. The Commission's case file regarding the show cause

hearing was received in evidence. The case file contained, inter alia, information pertaining to Sheets' January 21 arrest, and a 6-page document, prepared apparently from the Commission's records, which pertained to the nature of the Lariat Club's business and its liquor license. The Lariat Club did not introduce any exhibits into evidence.

After the hearing, the Commission deliberated. The Commission voted to cancel the liquor license of the Lariat Club. When asked by the attorney for the Lariat Club to state the basis for the cancellation, the Commission's chairperson responded, "Well, it's on the basis of [Sheets'] — the character, I mean, you know." Thereafter, on May 23, 2001, the Commission entered an order canceling the liquor license of the Lariat Club, "based upon the character and reputation of the licensee, Calburt L. Sheets." The Lariat Club applied for a rehearing of the Commission's decision, which was denied.

The Lariat Club filed a petition in error with the district court for Lancaster County, appealing the Commission's decision to cancel the liquor license of the Lariat Club. On February 13, 2002, the district court held an evidentiary hearing on the Lariat Club's petition. The Lariat Club offered into evidence the "transcript" and the "bill of exceptions" from the Commission proceedings. In an order filed February 28, the district court affirmed the Commission's decision to cancel the liquor license of the Lariat Club. The Lariat Club appeals.

## ASSIGNMENTS OF ERROR

On appeal, the Lariat Club assigns five errors, which we restate as four. The Lariat Club claims, restated, that (1) the Commission denied the Lariat Club due process by failing to give the Lariat Club proper notice of the issues involved at the hearing; (2) the Commission was without authority to cancel the liquor license of the Lariat Club; (3) the Commission's order canceling the liquor license of the Lariat Club failed to state findings of fact and conclusions of law as required by Neb. Rev. Stat. § 84-915 (Reissue 1999); and (4) the Commission's decision canceling the liquor license of the Lariat Club was unsupported by competent evidence and was arbitrary, capricious, and unreasonable.

## STANDARDS OF REVIEW

■■■ Appeals from orders or decisions of the Commission are taken in accordance with the Administrative Procedure Act (APA). Neb. Rev. Stat. § 53-1,116 (Cum. Supp. 2002); *DLH, Inc. v. Nebraska Liquor Control Comm.*, 266 Neb. 361, 665 N.W.2d 629 (2003); *City of Omaha v. Kum & Go*, 263 Neb. 724, 642 N.W.2d 154 (2002). Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency. *DLH, Inc. v. Nebraska Liquor Control Comm., supra*; *City of Omaha v. Kum & Go, supra*. A judgment or final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Id.* When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id.*

## ANALYSIS

For its first assignment of error, the Lariat Club states that the Commission reached its decision to terminate the liquor license of the Lariat Club based on an issue that was not identified in the March 29, 2001, show cause order, and because that issue was not stated in the show cause order, the Lariat Club claims that its due process rights were violated. We agree.

■■ In support of its due process argument, the Lariat Club asserts that the Commission failed to comply with statutory and regulatory notice requirements. The Commission is an agency within the provisions of the APA. Neb. Rev. Stat. § 84-901 (Reissue 1999); *J K & J, Inc. v. Nebraska Liquor Control Commission*, 194 Neb. 413, 231 N.W.2d 694 (1975), *overruled in part on other grounds, 72nd Street Pizza, Inc. v. Nebraska Liquor Control Commission*, 199 Neb. 729, 261 N.W.2d 614 (1978). Neb.

Rev. Stat. § 84-913 (Reissue 1999), a provision under the APA, provides, inter alia, as follows:

> In any contested case all parties shall be afforded an opportunity for hearing after reasonable notice. The notice shall state the time, place, and issues involved, but if, by reason of the nature of the proceeding, the issues cannot be fully stated in advance of the hearing or if subsequent amendment of the issues is necessary, they shall be fully stated as soon as practicable.

Similarly, regulations adopted by the Commission to govern the procedure in "contested cases" provide:

> Notices of formal hearings conducted under the provisions of the Nebraska Liquor Control Act and the Rules and Regulations of the Nebraska Liquor Control Commission shall contain the [following:]
>
> . . . date and time of the hearing; [t]he place of the hearing; [t]he nature of the proceeding; and [t]he issues involved, if they can be fully stated at the time. If the issues cannot be fully stated at the time of the notice, an amended notice containing the issues involved shall be issued as soon as the issues can be fully stated.

237 Neb. Admin. Code, ch. 1, § 002.01A through D (1994).

■ The proceedings at issue in this appeal were conducted pursuant to the Nebraska Liquor Control Act, Neb. Rev. Stat. §§ 53-101 to 53-1,122 (Reissue 1998 & Cum. Supp. 2000) and the regulations of the Commission. The Commission is empowered to promulgate rules and regulations to carry out the Nebraska Liquor Control Act. *DLH, Inc. v. Nebraska Liquor Control Comm.*, 266 Neb. 361, 665 N.W.2d 629 (2003). Agency regulations, properly adopted and filed with the Secretary of State of Nebraska, have the effect of statutory law. *Morrissey v. Department of Motor Vehicles*, 264 Neb. 456, 647 N.W.2d 644 (2002).

There is no dispute in the present case that the only notice the Lariat Club received regarding the issues involved at the May 15, 2001, hearing was the Commission's March 29 show cause order. The Lariat Club claims that when the Commission deliberated and decided to cancel the liquor license of the Lariat Club based upon Sheets' "character and reputation," that decision was based upon an issue not listed in the show cause order. The Lariat Club

states that had it received notice that Sheets' character and reputation were at issue, it would "have had an opportunity to prepare . . . rebuttal . . . evidence [addressing the] alleged lack of character and reputation. Witnesses attesting to [Sheets'] character and reputation could have been called." Brief for appellant at 14. The Lariat Club claims that by virtue of a lack of notice, its due process rights were violated by the Commission.

■ It has long been recognized that under circumstances similar to those in the present case, due process requires "at a minimum . . . that [the] adjudication be preceded by notice and opportunity for hearing." *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950). Generally, under due process principles, the notice of an administrative agency hearing should inform a party of the issues involved in order to prevent surprise at the hearing and allow that party an opportunity to prepare. See, generally, *Goldberg v. Kelly*, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970).

In the instant case, the Lariat Club was not advised that the issue of Sheets' "character and reputation" would be considered by the Commission. The show cause order made no mention that Sheets' "character and reputation" would be included in the issues to be decided at the hearing. Thus, contrary to the provisions of § 84-913 and 237 Neb. Admin. Code, ch. 1, § 002.01A through D, the Lariat Club was not informed of the issues involved at the hearing. As a result, the Lariat Club was denied the opportunity to meet the issues involved at the hearing by presenting evidence. See *Halbert v. Nebraska Liquor Control Commission*, 206 Neb. 687, 294 N.W.2d 864 (1980) (stating that Commission's failure to give liquor license applicant sufficient notice of issue involved in case as required under § 84-913 denied applicant opportunity to prepare to meet issue and to produce evidence). See, also, *Grand Island Latin Club v. Nebraska Liq. Cont. Comm.*, 251 Neb. 61, 67, 554 N.W.2d 778, 781 (1996) (stating that only issues that could properly be considered by Commission during show cause hearing were issues "explicitly listed in the notice provision of the order to show cause"). See, generally, *Block v. Lincoln Tel. & Tel. Co.*, 170 Neb. 531, 103 N.W.2d 312 (1960).

We conclude that because the Commission failed to provide the Lariat Club with notice as required under § 84-913 and the

Commission's own regulations, the Lariat Club was denied due process. See, *DLH, Inc. v. Nebraska Liquor Control Comm.*, 266 Neb. 361, 665 N.W.2d 629 (2003); *City of Omaha v. Kum & Go*, 263 Neb. 724, 642 N.W.2d 154 (2002). As a result of such denial, the Commission's decision with regard to the liquor license of the Lariat Club did not conform to the law. See *DLH, Inc. v. Nebraska Liquor Control Comm., supra*. Accordingly, we reverse the decision of the district court which affirmed the decision of the Commission to cancel the liquor license of the Lariat Club, and we remand the cause with directions to the district court to remand the cause to the Commission to vacate its order.

Because of our resolution of the Lariat Club's appeal based on its first assignment of error, we need not consider the remaining assignments of error. See *Anderson v. Bellino*, 265 Neb. 577, 658 N.W.2d 645 (2003) (stating that appellate court is not obligated to engage in analysis which is not needed to adjudicate case and controversy before it).

## CONCLUSION

The Commission reached its decision to cancel the liquor license of the Lariat Club based upon an issue not identified in the show cause order sent to the Lariat Club. The Lariat Club was denied the opportunity to prepare for the hearing and, thus, was denied due process. The decision of the Commission did not conform to the law. The judgment of the district court affirming the Commission's decision is reversed, and the cause is remanded with directions to the district court to remand the cause to the Commission to vacate its order which canceled the liquor license of the Lariat Club.

REVERSED AND REMANDED WITH DIRECTIONS.