NEBRASKA LIQUOR DISTRIBUTORS, INC., APPELLANT, V.
NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

693 N.W.2d 539

Filed March 4, 2005.    No. S-02-616.

Michael J. Lehan, of Kelley & Lehan, P.C., for appellant.

Jon Bruning, Attorney General, and Milissa D. Johnson-Wiles, and, on brief, Don Stenberg, former Attorney General, and Hobert B. Rupe for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

The question presented in this case is what type of "interested relationship" between an alcoholic liquor wholesaler and a manufacturer of alcoholic liquor is prohibited by state law. Neb. Rev. Stat. § 53-169.01 (Reissue 2004) states, in relevant part:

> No manufacturer of alcoholic liquor holding a manufacturer's license . . . and no manufacturer of alcoholic liquor outside this state manufacturing alcoholic liquor, except beer, for distribution and sale within this state shall, directly or indirectly, as owner or part owner, or through a subsidiary or affiliate, or by any officer, director, or employee thereof, or by stock ownership, interlocking directors, trusteeship, loan, mortgage, or lien on any personal or real property, or as guarantor, endorser, or surety, be interested in the ownership, conduct, operation, or management of any alcoholic liquor wholesaler holding an alcoholic liquor wholesale license, except beer, under section 53-123.02.

Nebraska Liquor Distributors, Inc. (NLD), filed an application for a wholesale liquor license with the Nebraska Liquor Control Commission (Commission). The Commission denied the application after it found that Mitchell Johnson (Mitchell), the sole shareholder of NLD, had a business interest in a manufacturer of alcoholic liquor. NLD petitioned the district court for judicial review of the Commission's decision, asserting that there was not a statutorily prohibited relationship between the wholesaler and the manufacturer of alcoholic liquor in the instant case. Upon a hearing, the district court affirmed the Commission's decision. NLD appeals the judgment of the district court. For the reasons that follow, we reverse, and remand with directions to the court.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are largely undisputed. On September 6, 2001, NLD applied to the Commission for a class X wholesale liquor license.

Competing liquor wholesalers sent the Commission letters requesting a hearing on NLD's application, alleging that NLD was not eligible for the license under § 53-169.01. The Commission held a hearing, and the State offered NLD's application file into evidence. Over hearsay objections to the competitors' letters contained in the file, the file was received in evidence.

Mitchell testified at the hearing as the sole shareholder for NLD. He testified to certain connections he had with Johnson Brothers Liquor Company (Johnson Brothers), a wholesale liquor company incorporated in Minnesota and doing business in eight states. The Commission received these facts, not because Johnson Brothers is itself a manufacturer of alcohol, alone triggering § 53-169.01, but because Johnson Brothers allegedly has its own business interest in a liquor manufacturer, United States Distilled Products Company (USDP). Mitchell testified that he was formerly the president of Johnson Brothers. In 1995, Mitchell sold all his interest in Johnson Brothers, but at the time of the hearing was still receiving his stock payoff. He resigned as president of Johnson Brothers in January 1997. Mitchell's brother is the present chairman of the board of Johnson Brothers. Mitchell is also a minority stockholder with his brother in another liquor distributing company, Indiana Liquor Distributing Company.

To connect Mitchell's relationship with Johnson Brothers to a business interest in the liquor manufacturer, USDP, the Commission looked to an unpublished Nebraska Court of Appeals decision, *Johnson Bros. Liquor Co. v. Nebraska Liquor Control Comm.*, No. A-99-1182, 2000 WL 1725059 (Neb. App. Nov. 21, 2000) (not designated for permanent publication). *Johnson Bros. Liquor Co.* reversed a district court's reversal of a Commission decision. The Commission had rejected a wholesale liquor license application filed by Johnson Brothers. The Commission did so on the basis that Johnson Brothers had a business interest in the liquor manufacturer, USDP. The Court of Appeals reinstated the Commission's decision, finding that the district court had applied the incorrect standard of review and that there was sufficient evidence to support the Commission's decision. See *id.*

In addition to the asserted connection through Johnson Brothers, Mitchell has other indirect or remote ties to USDP. Mitchell's nephew is the owner, stockholder, and president of USDP. Mitchell himself owned stock in USDP but sold all his interest in that company more than 15 years ago.

In an order issued in the instant case, the Commission denied NLD's application. The Commission found that NLD had a business interest in Johnson Brothers and that Johnson Brothers had a business interest in USDP. The Commission concluded that NLD therefore had a business interest in USDP. As in *Johnson Bros. Liquor Co.*, this business interest in a liquor manufacturer disqualified the wholesaler, NLD, from acquiring a class X wholesale liquor license in Nebraska pursuant to § 53-169.01.

NLD appealed the Commission's order. Before the district court on appeal, NLD submitted as exhibits the transcript and the bill of exceptions from the Commission hearing. The district court affirmed the decision. After its de novo review, the district court found that Mitchell had a direct interest in Johnson Brothers and an indirect interest in USDP. The court based the finding of a direct interest in Johnson Brothers on Mitchell's familial relationship to a director of Johnson Brothers, on his former dealings with Johnson Brothers, and on the timing of Mitchell's application, coming as it did less than a year after Johnson Brothers' similar application was rejected. To find the indirect interest in USDP, the court relied on the conclusions contained in *Johnson Bros. Liquor Co.*, taking judicial notice of this unpublished Court of Appeals opinion due to its factual connection to the matters in the instant case.

NLD timely appealed the district court's affirmance of the Commission's decision.

## ASSIGNMENTS OF ERROR

NLD assigns, renumbered and restated, that the district court erred by (1) considering the letters from competitors over a hearsay objection, (2) not reversing or remanding the case due to the Commission's failure to make specific findings of fact consistent with the findings in the record, and (3) finding any relationship between NLD and USDP which rendered NLD ineligible for the wholesale liquor license.

## STANDARD OF REVIEW

■ A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Lein v. Nesbitt, ante* p. 109, 690 N.W.2d 799 (2005).

■ When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

■ In an appeal under the Administrative Procedure Act, an appellate court will not substitute its factual findings for those of the district court where competent evidence supports the district court's findings. *DLH, Inc. v. Nebraska Liquor Control Comm.*, 266 Neb. 361, 665 N.W.2d 629 (2003).

■ To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Lariat Club v. Nebraska Liquor Control Comm.*, 267 Neb. 179, 673 N.W.2d 29 (2004).

## ANALYSIS

Before we determine whether a relationship exists between NLD and USDP which would render NLD ineligible for a wholesale liquor license, it is necessary to briefly consider the evidentiary and procedural issues raised by NLD.

### HEARSAY OBJECTION

■ NLD first assigns that the district court erred by considering letters from competitors over a hearsay objection. The hearsay objection was made at the hearing before the Commission but only indirectly presented to the district court on appeal. More to the point, the alleged error of the district court's considering the letters was assigned but not argued in any way in the brief before this court. NLD only argued that, even including the content of the letters, the evidence was insufficient to deny the application. Errors that are assigned but not argued will not be addressed by

an appellate court. *State ex rel. City of Alma v. Furnas Cty. Farms*, 266 Neb. 558, 667 N.W.2d 512 (2003).

### SUFFICIENCY OF COMMISSION'S FINDINGS OF FACT

NLD cites Neb. Rev. Stat. § 84-915 (Reissue 1999) for the proposition that the Commission's decision must be "in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law." NLD alleges that the statement in the record at the Commission hearing falls short of this standard.

However, the Commission's written decision clearly meets the standard set forth in § 84-915, whether or not the statement in the record does. In fact, NLD does not allege that the decision in writing lacks the required elements, but, rather, alleges only that it is inconsistent with the statement in the record. Whether or not such an inconsistency exists is immaterial; the written findings of fact and conclusions of law made by the Commission are valid and binding. Section 84-915 requires merely that the writing *or* the statement in the record contain the findings of fact and conclusions of law. Indeed, the written decision does, and thus, this assignment of error is without merit.

### DISQUALIFYING INTEREST

The disposition of this appeal hinges on the interpretation and application of § 53-169.01. As previously noted, no manufacturer of alcoholic liquor (except beer) outside the State of Nebraska shall, either directly or indirectly, be interested in the ownership, conduct, operation, or management of any alcoholic liquor wholesaler holding an alcoholic liquor wholesale license (except beer). See *id.*

We note that while the forbidden interest in § 53-169.01 is worded as that of the manufacturer in the wholesaler and not the interest of the wholesaler in the manufacturer, the obvious intent of the Legislature is to forbid both types of interests. The undue favorable relationship likely to result from the interest is the ill addressed by the statute; it is logically impossible for one company to have a financial interest in another without that interest being reciprocal. USDP is the only liquor manufacturer in which NLD is alleged to have a disqualifying interest. Therefore, the district court's affirmance will be upheld only if a sufficient interest

is established by the record between Mitchell (or his wholly owned NLD) and USDP.

There are three sources of this alleged connection. First, the owner and president of USDP is Mitchell's nephew. Second, Mitchell owned stock in USDP, but he sold all his interest in USDP over 15 years ago. Third, both Mitchell and USDP had connections to Johnson Brothers—a fact which led both the Commission and the district court to conclude that Mitchell and USDP were indirectly interested in each other to a disqualifying degree. To properly analyze this third source, we must consider each of the two connections in turn.

Mitchell's connections to Johnson Brothers are many. The chairman of the board of Johnson Brothers is both Mitchell's brother and a joint shareholder with Mitchell of another liquor distributing company. Mitchell was president of Johnson Brothers until his retirement in January 1997. Mitchell also had stock in Johnson Brothers but sold all of his shares to Johnson Brothers in 1995. Yet, at the time of the Commission hearing, Johnson Brothers was still paying Mitchell the predetermined sum for his shares of stock. Finally, the district court found the timing of Mitchell's application suspicious, coming as it did on the heels of the denial of Johnson Brothers' similar application. We assume without deciding that Mitchell is interested in Johnson Brothers.

The Commission's conclusion regarding Johnson Brothers' connections to USDP appears to be based in large part on the findings in the unpublished Court of Appeals case, *Johnson Bros. Liquor Co. v. Nebraska Liquor Control Comm.*, No. A-99-1182, 2000 WL 1725059 (Neb. App. Nov. 21, 2000) (not designated for permanent publication), which upheld a previous finding of the Commission that Johnson Brothers had a business interest in USDP which disqualified it for a wholesale liquor license. The district court relied heavily on *Johnson Bros. Liquor Co.* to establish the connection between Johnson Brothers and USDP in its affirmance. We must decide whether reliance on that case conforms to the law.

It is provided by statute that judicial notice may be taken of any fact not subject to reasonable dispute, when such fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Neb. Rev.

Stat. § 27-201(2)(b) (Reissue 1995). The *Johnson Bros. Liquor Co.* opinion is a source of which the accuracy cannot reasonably be questioned. See *J.B. Contracting Servs. v. Universal Surety Co.*, 261 Neb. 586, 624 N.W.2d 13 (2001). However, the ultimate factual finding of *Johnson Bros. Liquor Co.*—that there was sufficient evidence to support the Commission's decision—is not helpful because the applicable standard of review for the district court in the instant case was de novo, not mere sufficiency of the evidence. *Johnson Bros. Liquor Co.* does not stand for a judicial de novo finding that Johnson Brothers had a disqualifying interest in USDP.

It is critical to note the distinction between the standard of review applicable in *Johnson Bros. Liquor Co.* and the case at bar. In *Johnson Bros. Liquor Co.*, the district court was to review the Commission's decision for jurisdiction and sufficiency of the evidence. See, generally, *City of Lincoln v. Nebraska Liquor Control Comm.*, 261 Neb. 783, 626 N.W.2d 518 (2001) (describing change in appellate procedure from Commission). After *Johnson Bros. Liquor Co.*, the standard of review changed. The district court in the instant case must review the Commission's decision under the now-applicable Administrative Procedure Act. See *City of Lincoln v. Nebraska Liquor Control Comm., supra.* Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency. *Lariat Club v. Nebraska Liquor Control Comm.*, 267 Neb. 179, 673 N.W.2d 29 (2004). See Neb. Rev. Stat. § 84-917(5)(a) (Reissue 1999).

This is an important difference. In a review for sufficiency of the evidence, an appellate court does not make its own factual findings, but in a true "de novo" review, the court uses assignments of error as a guide to the factual issues in dispute, but makes independent factual determinations based on the record. See, generally, *Slack Nsg. Home v. Department of Soc. Servs.*, 247 Neb. 452, 528 N.W.2d 285 (1995) (explaining differences in standards of review).

Therefore, the ultimate finding of *Johnson Bros. Liquor Co. v. Nebraska Liquor Control Comm.*, No. A-99-1182, 2000 WL 1725059 (Neb. App. Nov. 21, 2000) (not designated for permanent publication), that the district court should have found that the

evidence was (merely) sufficient to support the Commission's finding, cannot stand for a judicial de novo finding that the record actually supports that finding. As a matter of fact, the Court of Appeals in *Johnson Bros. Liquor Co.* reversed the district court decision which, while erroneously applying a de novo standard to the determination of the Commission, found that Johnson Brothers' interest in USDP *did not* disqualify it for the license. Simply stated, since the Court of Appeals did not perform a de novo review of the record in *Johnson Bros. Liquor Co.*, the Court of Appeals' decision in that case does not contain findings of fact that are judicially noticeable.

Many of the other alleged facts in *Johnson Bros. Liquor Co.* are unavailable for judicial notice under § 27-201(2)(b). The Court of Appeals indicated that "[t]he evidence was contradictory and hotly contested," *Johnson Bros. Liquor Co.*, 2000 WL 1725059 at *7, and did not make any findings favoring one version over another. The remaining facts which were not subject to reasonable dispute are unhelpful. Thus, to establish the connection between Johnson Brothers and USDP, the district court was limited to the fact that the USDP president and sole shareholder is the son of Johnson Brothers' chairman of the board—Mitchell's nephew and brother, respectively.

We must now apply § 53-169.01 to these facts, determining whether the court's decision that NLD was "interested in the ownership, conduct, operation, or management of" USDP conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. In discerning the meaning of a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *City of Gordon v. Ruse*, 268 Neb. 686, 687 N.W.2d 182 (2004). It is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. See *Wolfe v. Becton Dickinson & Co.*, 266 Neb. 53, 662 N.W.2d 599 (2003).

The scope of the interest forbidden is wide, prohibiting interests "directly or indirectly" held, and interests established in various indirect ways, for example, "through a subsidiary or affiliate." The list of ways a manufacturer can hold a forbidden

interest in a distributor is substantial, but each one listed indicates an interest of a financial or business nature. Under the "ejusdem generis" canon of construction, when a general word or phrase follows a list of specific persons or things, the general word or phrase will be interpreted to include only persons or things of the same type as those listed. *Dykes v. Scotts Bluff Cty. Ag. Socy.*, 260 Neb. 375, 617 N.W.2d 817 (2000). Thus, under the "ejusdem generis" rule, specific words or terms modify and restrict the interpretation of general words or terms where both are used in sequence. *Id.* Therefore, we hold that the interest forbidden by § 53-169.01 is a financial or business interest.

The interest between Mitchell, or his wholly owned NLD, and USDP, as established by the record, is largely familial. The three connections established by the record are as follows: (1) Mitchell owned USDP stock but sold it 15 years ago, (2) Mitchell is the uncle to the owner and president of USDP, and (3) Mitchell may have a business interest in Johnson Brothers, which has as its chairman of the board the father of USDP's owner and president. While Mitchell may indeed have some generalized familial interest in seeing USDP succeed, the record falls short of establishing that the interest is a financial or business one. We determine that the interest Mitchell and NLD have in USDP, as established by the record, is not indicative of the type of relationship which § 53-169.01 would forbid if NLD were licensed. The judgment of the district court affirming the Commission's order does not conform to the law and is not supported by competent evidence.

## CONCLUSION

The record fails to establish that NLD was sufficiently interested in the ownership, conduct, operation, or management of USDP to trigger the prohibition of § 53-169.01. The district court erred in relying on the Court of Appeals' decision in *Johnson Bros. Liquor Co. v. Nebraska Liquor Control Comm.*, No. A-99-1182, 2000 WL 1725059 (Neb. App. Nov. 21, 2000) (not designated for permanent publication), and by affirming the Commission's denial of NLD's application for a wholesale liquor license on the above basis. Because the district court had determined that NLD was ineligible for a wholesale liquor license pursuant to § 53-169.01, it did not review and consider all the

evidence from the Commission hearing in its de novo review. Therefore, it will be necessary to remand the cause to the district court for it to complete its de novo review of the record.

We therefore reverse the judgment of the district court and remand the cause with directions to complete its de novo review of the record prior to entering final judgment.

REVERSED AND REMANDED
WITH DIRECTIONS.