JASON SCHWARTING, APPELLEE, V. NEBRASKA LIQUOR
CONTROL COMMISSION, APPELLANT.
711 N.W.2d 556

Filed March 31, 2006.    No. S-04-1440.

Jon Bruning, Attorney General, and Milissa Johnson-Wiles for
appellant.

Andrew W. Snyder, of Chaloupka, Holyoke, Hofmeister, Snyder & Chaloupka, for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

PER CURIAM.

Donald Schwarting, the former owner of the Arrowhead Inn, an off-sale, beer-only business, was convicted of a Class IV felony, thereby prohibiting him from holding a liquor license under Neb. Rev. Stat. § 53-125 (Reissue 2004). His son, Jason Schwarting, took steps to purchase the business. Jason applied for a liquor license with the Nebraska Liquor Control Commission (the Commission), but his application was denied due to Jason's two prior liquor license violations while employed by Donald and the Commission's belief that Donald maintained an ownership interest in the business. Jason appealed, and the district court reversed the order of the Commission. The Commission appeals.

### FACTUAL AND PROCEDURAL BACKGROUND

The Arrowhead Inn is an off-sale, beer-only business in Whiteclay, Nebraska, that was started by Jason's grandfather in 1980 or 1981. In 1996, Jason's father, Donald, purchased the business, and in 1998, Jason began working as a clerk at the store. Jason was cited for two liquor license violations while working as a clerk: selling to an intoxicated person in June 1998 and selling on credit in August 2001. The Arrowhead Inn was penalized accordingly.

In 2003, Donald was convicted of a Class IV felony for selling more than eight used vehicles without a dealer's license and was fined $1,000. Subsequently, Jason began operating the Arrowhead Inn under a temporary agency agreement. In addition, Jason purchased the land, building, inventory, and equity composing the business. Jason purchased the real estate from Donald and assumed a promissory note previously owed by Donald to Jason's grandfather. After Donald filed a chapter 13 bankruptcy proceeding, Jason petitioned for and was granted permission to purchase the assets of the Arrowhead Inn.

Jason filed an application for a class B liquor license with the Commission on February 3, 2004. The Commission issued an

order to show cause why the application should be approved and a license issued, stating that Jason had

>previously as an employee sold alcohol to an intoxicated person 6/23/98, and sold alcohol on credit 8/27/01 which may reflect upon his willingness to abide by the rules and regulations of the Liquor Control Act; and further, to determine what if any involvement or financial interest the previous owner, Donald Schwarting, convicted of a Class IV Felony, will have.

During a hearing before the Commission, Jason testified that Donald was working part time as a clerk at the Arrowhead Inn, selling beer, pop, and cigarettes, and was paid an hourly wage of $5.25. However, Jason explained that Donald did not perform any managerial duties, including bill paying, ordering, and hiring and firing, and did not share in the profits or losses of the business. Furthermore, Jason testified that if the Commission was concerned about Donald's position as a clerk at the Arrowhead Inn, Jason would be willing to terminate Donald's employment.

After the hearing, the Commission voted to deny the application, finding that Jason was unable to conform to the provisions of the Nebraska Liquor Control Act (the Act). See Neb. Rev. Stat. § 53-101 et seq. (Reissue 2004 & Supp. 2005). In making its determination, the Commission considered, as stated in its order:

>a) That [Jason] is not of good character and reputation in the community.

>b) That his previous actions where he was an employee who violated aspects of [the Act] show that he is unable to conform to all provisions of [the Act].

>c) That the Commission is unconvinced that Donald Schwarting does not continue to have an ownership interest in the Arrowhead Inn.

On appeal, the district court reversed the determination of the Commission, finding no evidence in the record of a hidden ownership arrangement between Jason and Donald and determining that the evidence of Jason's two prior violations did not support a finding that Jason is not of good character or reputation. The Commission appeals the judgment of the district court.

## ASSIGNMENTS OF ERROR

The Commission assigns that the district court erred in finding that the evidence did not support the Commission's conclusion that Jason was unable to conform to all provisions of the Act.

In its appellate brief, the Commission also assigned that the court erred in finding that the evidence did not support the Commission's conclusion that Donald continued to have an ownership interest in the business. However, at oral argument, the Commission withdrew this assignment of error; thus, we will not consider it.

## STANDARD OF REVIEW

■■■ A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Neb. Rev. Stat. § 84-918 (Reissue 1999); *Nebraska Liq. Distrib. v. Nebraska Liq. Cont. Comm.*, 269 Neb. 401, 693 N.W.2d 539 (2005). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## ANALYSIS

In its order, the Commission determined that Jason was "not fit, willing, and able to properly provide the service proposed within the community where the premises described in the application are located" and that he "can not [sic] conform to all provisions and requirements of and rules and regulations adopted pursuant to [the Act]." The Commission stated that it based those conclusions on additional findings that Jason is not of good character and reputation in the community and that his prior license violations show his inability to conform to the provisions of the Act. In addition, the Commission stated that it was unconvinced that Donald no longer held an ownership interest in the business.

We note that the order to show cause issued by the Commission prior to the hearing listed just two matters of concern: Donald's involvement and interest in the business, and Jason's two previous violations and their relevance to his willingness to abide by the

provisions of the Act. The order to show cause did not mention the issue of Jason's character and reputation, and the hearing was not directed at that issue. In fact, neither party presented evidence regarding Jason's reputation in the community. However, at the conclusion of the hearing, one of the commissioners stated, "I vote to deny it based on character and reputation also." The hearing officer then stated, "Just to make sure the rationale for the record is — you're voting — you believe that there is a hidden ownership and that the applicant is not fit and willing and able to conform . . . [t]o the rules and regulations." The commissioner agreed, stating, "Right, that's correct. . . . That would be the reason." Nevertheless, the Commission's order included among its findings that Jason was not of good character and reputation.

On appeal, the district court found no evidence to support the Commission's belief that Donald maintained an ownership interest in the business. In addition, the district court found Jason's two prior license violations to be insufficient to support the Commission's determination that Jason is not of good character or reputation. The district court couched its analysis of Jason's two previous violations in the context of their reflection on his character and reputation. However, we conclude that implicit in the court's judgment to reverse the order of the Commission is a determination that Jason's two previous violations were also insufficient to support the Commission's finding that Jason was unable to abide by the provisions of the Act.

We agree that the record presents insufficient evidence to conclude that Jason is not of good character and reputation in his community; as stated above, no such evidence was presented at the hearing by either party. In addition, during oral argument, the State withdrew its assignment of error regarding any alleged interest that Donald may have in the business. Thus, the only issue remaining for our consideration is whether the district court's conclusion that there was insufficient evidence to support the Commission's findings that Jason was unable to abide by the provisions of the Act is supported by competent evidence.

The Commission assigns that the district court erred in finding insufficient evidence to support the Commission's conclusion regarding Jason's inability to abide by the Act. The Commission asserts that the two license violations attributable to Jason during

his employment at the Arrowhead Inn reflect his inability to conform to the provisions of the Act. In contrast, Jason argues that the district court correctly determined that two "stale" license violations do not indicate an unwillingness to abide by the provisions of the Act.

The Commission is vested with discretion in the granting or denial of retail liquor licenses, but it may not act arbitrarily or unreasonably. As in the case of other administrative bodies, the Commission, after an administrative hearing, must base its findings and orders on a factual foundation in the record of the proceedings, and the record must show some valid basis on which a finding and order may be premised. *J K & J, Inc. v. Nebraska Liquor Control Commission*, 194 Neb. 413, 231 N.W.2d 694 (1975), *overruled in part on other grounds, 72nd Street Pizza, Inc. v. Nebraska Liquor Control Commission*, 199 Neb. 729, 261 N.W.2d 614 (1978).

Proceedings for review of a final decision of the Commission are to the district court, which shall conduct the review de novo on the record of the agency. See *Lariat Club v. Nebraska Liquor Control Comm.*, 267 Neb. 179, 673 N.W.2d 29 (2004). In a review de novo on the record, the district court is not limited to a review subject to the narrow criteria found in Neb. Rev. Stat. § 84-917(6)(a) (Reissue 1999), but is required to make independent factual determinations based upon the record, and the court reaches its own independent conclusions with respect to the matters at issue. See *Slack Nsg. Home v. Department of Soc. Servs.*, 247 Neb. 452, 528 N.W.2d 285 (1995). The district court is not required to give deference to the findings of fact made by the Commission, but it may consider the fact that the Commission, sitting as the trier of fact, saw and heard the witnesses and observed their demeanor while testifying and may give weight to the Commission's judgment as to credibility. See *Stejskal v. Department of Admin. Servs.*, 266 Neb. 346, 665 N.W.2d 576 (2003).

Upon appeal from the district court, our review is limited to error on the record, in which our inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. See *Nebraska Liq. Distrib. v. Nebraska Liq. Cont. Comm.*, 269 Neb. 401, 693

N.W.2d 539 (2005). An appellate court, in reviewing a district court judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. See *id.* Based on the record before the district court and our narrow standard of review, we conclude that the district court's order following its de novo review, reversing the judgment of the Commission, is supported by competent evidence.

Jason testified at the hearing that he was willing to abide by the rules and regulations of the Commission and of the State, and he introduced evidence that he had completed a course offered by the Commission and the Nebraska State Patrol regarding alcohol server training. Evidence was presented of Jason's two violations in the form of administrative citations. In addition, a report completed by an investigator with the State Patrol was presented, detailing the events of the violation concerning the sale of alcohol on credit. In its order, the district court emphasized the fact that the violations occurred 3 and 6 years prior to Jason's application. The district court also evidently was influenced by the fact that the Commission had made findings on other issues, such as Donald's ownership interest in the business and Jason's character and reputation, that were so unsupported by evidence as to be unsustainable.

Although different decisionmakers might reach an opposite result in reviewing the record, we simply cannot say that the district court's judgment, following its de novo review, is unsupported by any competent evidence, nor can we say that the judgment is arbitrary, capricious, or unreasonable. Given the statutory standard of review, we conclude that the district court committed no reversible error based on this record.

## CONCLUSION

For the foregoing reasons, we conclude that the district court's judgment reversing the order of the Commission is supported by competent evidence; we affirm.

AFFIRMED.

WRIGHT, J., not participating.