275 Neb. 797
JCB ENTERPRISES, INC., DOING BUSINESS AS BILL'S LIQUOR WEST, APPELLANT,
v.
NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.
No. S-06-1373.
Supreme Court of Nebraska.
Filed May 30, 2008.
Daniel L. Lindstrom and Justin R. Herrmann, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., for appellant.
Jon Bruning, Attorney General, and Milissa Johnson-Wiles for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
JCB Enterprises, Inc. (JCB), appeals from the decision of the district court for Lancaster County that affirmed the decision of the Nebraska Liquor Control Commission (Commission) that had revoked the liquor license of JCB, doing business as Bill's Liquor West (Bill's). The Commission had determined that JCB had violated Neb. Rev. Stat. § 53-180 (Reissue 2004) and 237 Neb. Admin. Code, ch. 6, § 019.01A (1994), of the rules and regulations of the Commission by selling alcoholic liquor to a minor. Because competent evidence supports the decision of the district court, and the decision is neither arbitrary, capricious, nor unreasonable, we affirm.

FACTS
There is essentially no dispute with regard to the facts relevant to our decision in this appeal. JCB was the holder of a Class D liquor license for the operation of Bill's, a liquor store in Kearney, Nebraska. On the evening of February 5, 2005, a sales clerk at Bill's sold alcoholic liquor consisting of a bottle of Jim Beam whiskey, a 30-pack of Busch Light beer, and a 30-pack of Miller High Life Light beer to T.B. At the time of the sale, T.B. was 18 years of age, and the clerk did not ask for identification. The clerk estimated that T.B. had purchased alcohol from Bill's approximately 10 to 20 times prior to February 5 and that on three or four prior occasions, T.B. had shown the clerk a Canadian identification card that indicated a date of birth that would make the bearer at least 21 years of age. The record does not specify the nature of the Canadian identification. There is some evidence that T.B. also presented his brother's driver's license to purchase alcohol at some point in the past. There is no suggestion that T.B. represented in any other form of writing that he was age 21 or older.
During the early morning of February 6, 2005, T.B. was killed while riding in the rear passenger side of a 1998 Volkswagen Jetta driven by K.W. At the time of the accident, K.W. was also 18 years of age. The record reflects that K.W. had been drinking Jim Beam whiskey prior to the accident, and officers investigating the accident reported finding nine unopened cans of Miller High Life beer in the car at the accident scene. Following the accident, K.W. was given a breath test indicating an alcohol level of .211. According to the record, the Jetta was traveling approximately 75 miles per hour in a residential area when it collided with a parked pickup truck. The Jetta was extensively damaged in the collision, including significant metal tearing and exposure of the rear passenger side. T.B. died from blunt force trauma to his head, neck, and trunk.
In May 2005, Bill's failed a compliance check and admitted to this violation of selling liquor to a minor. Bill's had a previous violation in 1997.
In a certified letter dated August 8, 2005, the Commission notified JCB that the Commission was charging it with violating § 53-180 and 237 Neb. Admin. Code, ch. 6, § 019.01A, as a result of the February 2005 incident. Section 53-180 provides that "[n]o person shall sell . . . or permit the sale . . . of any alcoholic liquors, to or for any minor . . . ." Section 019.O1A states that "[n]o . . . employees of any licensee shall sell any alcoholic liquors to any person who is a minor . . . ."
JCB denied the charges, and a contested hearing was held before the Commission on October 19, 2005. Four witnesses testified at the hearing, and seven exhibits were received into evidence, including approximately 50 pages from the police investigation of the accident. Proof of the two prior violations was included in this evidence.
In an order dated November 4, 2005, the Commission found that on February 5, 2005, Bill's sold alcoholic liquor to a person under the age of 21, which the Nebraska Liquor Control Act defines as a "minor." See Neb. Rev. Stat. § 53-103(22) (Supp. 2007). The Commission found that at the time of this sale, T.B. was not asked to show proof of identification of age. The Commission found that T.B. had "on multiple occasions previously purchased alcoholic liquor from [Bill's]." Finally, the Commission determined that there was no evidence that the "Alberta, Canada" identification constituted valid proof of identification of age under Nebraska law. The Commission determined that these facts demonstrated that JCB was "unable to comply with the requirements of the Nebraska Liquor Control Act," and the Commission ordered that the liquor license of "JCB Enterprises Inc dba `Bill's Liquor West" be revoked.
JCB filed a motion for rehearing before the Commission. JCB effectively raised two arguments in its motion. First, JCB noted that immediately prior to its contested hearing, which had commenced at 9:58 a.m., the Commission had held a public meeting that had commenced at 9 a.m. During the public meeting, Diane Rube, the executive director of an advocacy group, addressed the Commission and made unsworn comments seeking the revocation of JCB's liquor license. Specifically, in her comments, Rube urged the Commission to revoke JCB's liquor license because Bill's had sold liquor to T.B., a minor, on February 5, 2005, and because T.B. had "paid a price that far exceeds any that will be imposed today on" JCB. JCB argued on rehearing that Rube's comments were unsworn ex parte comments that had been improperly considered by the Commission when it reached its decision to revoke the license of JCB.
For its second argument, JCB claimed that the Commission's decision to revoke the license of JCB was inappropriate and too severe. In support of this argument, JCB offered the affidavit of Hobert Rupe, the executive director of the Commission. In his affidavit, Rupe stated that there were a total of 1,057 "Sale to Minor Convictions" of licensees in the time period from 2001 through 2005 and that during that time period, the Commission had imposed revocation as a penalty twice, including the revocation of JCB's license in the instant case.
On January 26, 2006, the Commission overruled JCB's motion for rehearing and again ordered JCB's liquor license revoked.
On February 23, 2006, JCB filed a petition for review with the district court. In its petition, JCB effectively raised two arguments. First, JCB claimed that in reaching its decision, the Commission had improperly considered Riibe's unsworn ex parte comments made during the public meeting portion of the agenda prior to the contested hearing in this matter. Second, JCB claimed that the revocation of its liquor license was an inappropriate penalty.
On September 27, 2006, a hearing was held on JCB's petition. The district court received into evidence the transcript and the bill of exceptions from the Commission hearing. At JCB's request, the district court also agreed to take judicial notice of the Commission's rules and regulations.
On November 2, 2006, the district court filed its order affirming the revocation order of the Commission. With regard to Riibe's ex parte comments, the district court stated that there [was] no evidence that anything outside the evidence adduced at the hearing was relied upon . . . by the Commission. Further, in this court's de novo review of this case, this court specifically has not considered any evidence which was not received at the actual hearing in this matter which took place before the Commission . . . .
As for the appropriateness of the revocation order, the district court determined that
the evidence is undisputed that [T.B.], an 18-year-old with a date of birth of January 17, 1987, went into Bill's . . . on February 5, 2005 and was allowed to purchase a 12-pack [sic] of beer, an 18-pack [sic] of beer, and a bottle of whiskey without showing or being asked for any identification by the employee who sold to him.
The district court also determined that although the Nebraska Liquor Control Act allowed for an "absolute defense" when a licensee could show that the purchaser had presented "documentary proof' that he or she was of legal age to purchase alcoholic liquor, see Neb. Rev. Stat. § 53-180.07 (Reissue 2004), the evidence adduced in this case "fail[ed] to show that the Canadian identification was a valid driver's or operator's license which would make it a valid form of documentary proof of age."
The district court affirmed the Commission's revocation order, concluding that
[u]nder the facts of this case . . . the determination of the . . . Commission, revoking the Class D license of JCB. . . doing business as Bill's . . . was neither arbitrary nor capricious. The evidence supports a finding that [JCB] did sell alcoholic liquor to a minor on February 5, 2005 and based upon the record, the sanction of revocation is appropriate.
JCB appeals.

ASSIGNMENTS OF ERROR
On appeal, JCB claims, restated and renumbered, that the district court erred in affirming the Commission's revocation order, first, because the Commission improperly considered unsworn ex parte comments in rendering that order and, second, because the Commission's finding of a violation was unwarranted and the revocation order was an inappropriate penalty for a variety of reasons.

STANDARDS OF REVIEW
A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Neb. Rev. Stat. § 84-918 (Reissue 1999); Schwarting v. Nebraska Liq. Cont. Comm., 271 Neb. 346, 711 N.W.2d 556 (2006). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Schwarting v. Nebraska Liq. Cont. Comm., supra.

ANALYSIS
For its first assignment of error, JCB argues that the Commission improperly considered Riibe's statements made during the public comment portion of the Commission's meeting held immediately prior to the contested hearing portion of the proceedings and that the district court erred in affirming the Commission's order. JCB claims that it was unfairly prejudiced by the Commission's receipt of Riibe's unsworn ex parte comments directed at JCB's case. Although Riibe's comments directed at a contested case are problematic and we are concerned with the procedure followed by the Commission in the instant case, given the district court's exclusion of Riibe's remarks in its de novo review of the Commission's order, we determine there is no merit to this assignment of error.
The public and contested proceedings at issue in this appeal were conducted by the Commission pursuant to statute and the rules and regulations of the Commission. See, Neb. Rev. Stat. § 53-114 (Reissue 2004); 237 Neb. Admin. Code, ch. 1, § 001 (1994). We have noted that the Commission is empowered to promulgate rules and regulations to carry out the provisions of the Nebraska Liquor Control Act (hereinafter the Act), Neb. Rev. Stat. §§ 53-101 to 53-1,122 (Reissue 2004), Lariat Club v. Nebraska Liquor Control Comm., 267 Neb. 179, 673 N.W.2d 29 (2004). Those rules and regulations provide for public meetings of the Commission, which are held at the Commission's headquarters, and further provide that "[p]ublic presentation(s) before the Commission at a public meeting shall be allowed at the start of a scheduled meeting . . . ." 237 Neb. Admin. Code, ch. 1, § 001. A purpose behind the public presentation portion of the meeting is to permit the public to comment on issues of general concern relating to the business of the Commission.
The record in the instant case indicates that the Commission commenced the public meeting portion of its agenda at 9 a.m. and that the contested case portion of the meeting, including the case involving JCB, began at 9:58 a.m. The record further reflects that during the public meeting portion of the proceedings, Rube commented on underage drinking in general and in particular made unsworn comments before the Commission that, in summary, urged the revocation of JCB's liquor license because of the incident that led to the charge in the instant case. Nothing in the record suggests that Rube was a fact witness who had information directly relevant to the merits of the JCB contested matter.
The Commission's receipt of Riibe's unsworn comments during the public meeting portion of the Commission's agenda, which were directed to the merits of a contested matter set to be heard by the Commission immediately following the public meeting, was inappropriate. Although "administrative adjudicators serve with a presumption of honesty and integrity," see Barnett v. City of Scottsbluff, 268 Neb. 555, 564, 684 N.W.2d 553, 560 (2004), they must nonetheless avoid an appearance of impropriety, see Sussel v. City & County, 71 Haw. 101, 109, 784 P.2d 867, 871 (1989) (stating that "an administrative adjudicator should [not] be allowed to sit with impunity in a case where the circumstances fairly give rise to an appearance of impropriety and reasonably cast suspicion on his impartiality"). The Commission's decisions in contested cases are to be decided on the evidence adduced during the proceedings involving those contested cases. See § 53-117 (authorizing Commission to hear testimony and take proof material for its information). See, also, Schwarting v. Nebraska Liq. Cont. Comm., 271 Neb. 346, 711 N.W.2d 556 (2006); Lariat Club v. Nebraska Liquor Control Comm., supra. Further, it is prudent that the Commission conduct its proceedings in such a manner as to avoid due process challenges due to a perception that commentary offered during the public meeting portion of the Commission's agenda improperly impacted the Commission's decision in a contested case.
When the district court conducts its review of a final decision of the Commission, it is required to make independent factual determinations. See Schwarting v. Nebraska Liq. Cont. Comm., supra. In its proceedings for review of a final decision of the Commission, the district court shall conduct the review de novo on the record of the agency. Id. In this case, the district court stated in its order that when it conducted its de novo review, it "specifically ha[d] not considered any evidence which was not received at the actual hearing in this matter which took place before the Commission." Thus, any irregularities before the Commission were cured when the district court ignored Riibe's comments in its de novo review of the record in the instant case. See MAPCO Ammonia Pipeline v. State Bd. of Equal., 242 Neb. 263, 265, 494 N.W.2d 535, 537 (1993) (stating that although board erred in failing to consider all evidence, that error was "cured" by appellate court's de novo review of the record). Accordingly, because our consideration of this appeal is limited to the propriety of the district court's ruling, we conclude that JCB's first assigned error is without merit.
Encompassed in its second group of claimed errors is JCB's assertion, for numerous reasons, that the district court erred in affirming the Commission's penalty of revocation. JCB raises several arguments to the effect that the Commission erroneously considered JCB's character and reputation in reaching its decision that a violation occurred and that the revocation of JCB's license was an inappropriate penalty. We have considered JCB's arguments and determine that none of these arguments have merit.
JCB notes that in the Commission's August 8, 2005, charge, it was notified that it had been charged with selling alcohol to a minor, and as a result, a hearing would be held at which it would be determined if JCB's license should be suspended, canceled, or revoked. JCB asserts that Riibe's comments at the public meeting prior to the contested hearing injected character and reputation as an issue before the Commission, and because JCB had not been notified that character and reputation were in issue, its due process rights were violated by the Commission's ruling. Contrary to JCB's assertions, neither the record nor the Commission's order suggests that JCB's character and reputation were at issue with respect to either the alleged violation or the penalty to be imposed. To the extent JCB claims that Riibe's comments caused the Commission to consider JCB's character and reputation and reached an erroneous decision, such a claim is without merit because, as we have explained above, the district court expressly ignored Riibe's comments when it conducted its de novo review and affirmed the Commission's decision.
The evidence offered by the State at the contested hearing in support of the Commission's charge addressed T.B.'s age on February 5, 2005, the alcoholic liquor purchased by T.B. on February 5, and JCB's efforts or lack thereof to review T.B.'s identification to determine his age prior to his making this purchase. None of this evidence goes to JCB's character and reputation. The Commission's order gives no indication that JCB's character and reputation were considered by the Commission. Compare Lariat Club v. Nebraska Liquor Control Comm., 267 Neb. 179, 673 N.W.2d 29 (2004). Instead, the Commission's findings of fact and conclusions of law are limited to JCB's sale of alcoholic liquor to T.B., who was under the age of 21 at the time of the sale.
The central meaning of procedural due process is that parties whose rights are to be affected are entitled to be heard, and, in order that they may enjoy that right, they must first be notified. In re Interest of Natasha H. & Sierra H., 258 Neb. 131, 602 N.W.2d 439 (1999). Due process requires that an administrative adjudication be preceded by notice and an opportunity for the agency hearing. See Lariat Club v. Nebraska Liquor Control Comm., supra. The record here shows that JCB was notified of the only violation at issue and decided and had a fair opportunity to be heard with respect to that issue. Due process was met.
As its next argument in support of its claim that the district court erred in affirming the Commission's revocation order, JCB asserts that the penalty imposed by the Commission was contrary to the Act and the Commission's "Violations/Penalty Schedule." Brief for appellant at 29. JCB refers us to the statutes and a certain penalty schedule and asserts that the violation resulting from its February 5, 2005, sale of alcohol to T.B. constitutes its second violation in addition to the May 2005 compliance check within a 1-year period, for which JCB claims its license should have been merely suspended, not revoked. JCB's claim is without merit.
This court has long stated that the Commission "has broad discretion in . . . deciding whether licenses should be suspended or revoked upon violations of the liquor law." See Eleven Eighteen Co. v. Nebraska Liquor Control Commission, 191 Neb. 572, 574, 216 N.W.2d 720, 721 (1974). With the exception of § 53-1,104(3)(a), which we discuss below and conclude is not controlling, JCB has not directed this court to any provision of the Act that JCB claims would result in a different penalty. To the contrary, the Act provides that "kilo person shall sell .. . alcoholic liquors, to or for any minor," § 53-180, and that the Commission is authorized to "suspend[], cancel[], or revoke[]" the "license of any licensee who violates any of the provisions of the . . . Act," § 53-117.08. Section 53-1,104 further provides that "[a]ny licensee which sells or permits the sale of any alcoholic liquor not authorized under the terms of such license . . . shall be subject to suspension, cancellation, or revocation of such license by the commission." These statutory provisions authorize the Commission in its discretion to revoke a license when a licensee makes an unauthorized sale of alcohol. The rules and regulations similarly provide that "kilo licensee . . . shall sell any alcoholic liquors to a person who is a minor," 237 Neb. Admin. Code, ch. 6, § 019.01A, and that entities "holding licenses issued pursuant to the provisions of [the Act] will be subject to citation and possible administrative sanction to include suspension or revocation" for selling alcohol to minors, 237 Neb. Admin. Code, ch. 6, § 019.01. We read the rules and regulations as giving the Commission discretion in the imposition of penalties for violations of the rules.
JCB relies upon the provisions of § 53-1,104(3)(a) as support for its argument that its license should have been suspended rather than revoked. Section 53-1,104(3)(a) provides in part as follows:
For a second suspension for violation of section 53-180 or 53-180.02 occurring within four years after the date of the first suspension, the commission, in its discretion, may order that the licensee be required to suspend sales of alcoholic liquor for a period of time not to exceed fortyeight hours and that the licensee may not elect to pay a cash penalty.
Although we recognize that § 53-1,104(3)(a) permits a graduated scheme of penalties, in view of the provisions of § 53-117.08, JCB's reliance on § 53-1,104(3)(a) is misplaced.
We have previously noted that when "may" is used in a statute, permissive or discretionary action is presumed. See In re Trust Created by Isvik, 274 Neb. 525, 741 N.W.2d 638 (2007). See, also, Neb. Rev. Stat. § 49-802(1) (Reissue 2004) (stating that "[w]hen the word may appears, permissive or discretionary action is presumed. When the word shall appears, mandatory or ministerial action is presumed"). Thus, the exercise of the Commission's authority to suspend a license under § 53-1,104(3)(a) is optional and does not serve as a limitation on the broader discretion otherwise granted to the Commission to suspend, cancel, or revoke a licensee's license for a violation of the Act. See §§ 53-117.08 and 53-1,104.
As noted above, JCB also relies upon a "Violations/Penalty Schedule" prepared by the Commission as support for its argument that the Commission's penalty in the instant case was inappropriate. The schedule is not in the record on appeal. Given the record, JCB's reliance is misplaced.
This court can take judicial notice of the Commission's rules and regulations. See Neb. Rev. Stat. § 84-906.05 (Reissue 1999). However, the "Violations/Penalty Schedule" is not part of the Commission's rules or regulations and, as noted, is not included in the record on appeal. It is incumbent on the party appealing to present a record that supports the errors assigned; absent such a record, as a general rule, the decision of the lower court as to those errors will be affirmed. See Worth v. Kolbeck, 273 Neb. 163, 728 N.W.2d 282 (2007).
At oral argument in this case, the parties informed the court that a version of the Commission's "Violations/Penalty Schedule" as of September 12, 2007, is currently available on the Commission's Web site. At this time, this court has no method by which to determine the accuracy of matters located on the Web site or, more particularly, to verify the contents of the version of the schedule that may have been in effect during the time relevant to the matters now on appeal. We decline to take judicial notice of the current schedule. See, generally, State v. Bush, 254 Neb. 260, 265, 576 N.W.2d 177, 180 (1998) (discussing appellate courts' refusal to take judicial notice of ordinances, stating such courts "'cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment or repeal. A party relying upon such matters must make them a part of the bill of exceptions, or in some manner present them as a part of the record"). JCB's argument requires that this court review the Commission's "Violations/Penalty Schedule," which is not appropriate. Because no such schedule was included in the record on appeal, JCB's argument relying on the schedule is unavailing.
As noted above, the Commission has broad discretion when imposing punishment for the violation of a liquor law. Eleven Eighteen Co. v. Nebraska Liquor Control Commission, 191 Neb. 572, 216 N.W.2d 720 (1974). Proceedings for review of a final decision of the Commission are to the district court, which shall conduct the review de novo on the record of the agency. Schwarting v. Nebraska Liq. Cont. Comm., 271 Neb. 347, 711 N.W.2d 556 (2006). In a review de novo on the record, the district court is required to make independent factual determinations based upon the record, and the court reaches its own independent conclusions with respect to the matters at issue. Id. Upon an appeal from the district court, this court's review is limited to error on the record, in which our inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. See id.
The record in the instant case supports the district court's factual determination that on February 5, 2005, Bill's sold alcoholic liquor to T.B., a minor, in violation of the provisions of the Act and the Commission's rules and regulations, as charged. With respect to the penalty to be imposed, the evidence showed that at some point in the past, Bill's had seen an unspecified Canadian identification presented by T.B. and that on this basis, had sold liquor to T.B. on 10 to 20 occasions. The Canadian identification served as a poor foundation for establishing T.B.'s age, as the district court noted. See § 53-180.06 (listing proper documentary proof of age). Bill's did not check T.B. for proof of age on February 5. After February and before the October 2005 hearing in this case, Bill's failed a compliance check and admitted to a violation for selling liquor to a minor in May 2005. The district court determined that based upon the record, the sanction of revocation imposed by the Commission was appropriate.
Based on the record before the district court and our standard of review, we conclude that the district court's order following its de novo review, which affirmed the order of the Commission, is supported by competent evidence and is neither arbitrary, capricious, nor unreasonable. We affirm.

CONCLUSION
We conclude that the district court did not err when it affirmed the order of the Commission that revoked JCB's liquor license. Accordingly, we affirm.
AFFIRMED.
GERRARD, J., not participating.