Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/16/2019 12:07 AM CDT

ABAY, L.L.C., APPELLANT, V. NEBRASKA
LIQUOR CONTROL COMMISSION
ET AL., APPELLEES.

___ N.W.2d ___

Filed May 24, 2019.    No. S-18-715.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.

2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Judgments: Appeal and Error.** An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings.

4. **Administrative Law: Judgments.** Whether an agency decision conforms to the law is by definition a question of law.

5. **Administrative Law: Judgments: Statutes: Appeal and Error.** To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented which an appellate court decides independently of the decision made by the court below.

6. **Administrative Law: Liquor Licenses: Final Orders: Appeal and Error.** Proceedings in the district court reviewing a final decision of the Nebraska Liquor Control Commission involve review without a jury de novo on the agency record.

7. **Administrative Law: Appeal and Error.** In a review de novo on the record, the district court is required to make independent factual determinations based upon the record and reach its own independent conclusions with respect to the matters at issue.

- 215 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
ABAY, L.L.C. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 303 Neb. 214

8. **Administrative Law: Liquor Licenses: Courts: Evidence: Appeal and Error.** A district court in its de novo review is not required to give deference to the findings of fact made by the Nebraska Liquor Control Commission, but it may consider the fact that the commission, sitting as the trier of fact, saw and heard the witnesses and observed their demeanor while testifying and may give weight to the commission's judgment as to credibility.

9. **Alcoholic Liquors: Liquor Licenses: States.** The power of the State to absolutely prohibit the manufacture, sale, transportation, or possession of intoxicants includes the power to prescribe the conditions under which alcoholic beverages may be sold, and it may exercise large discretion as to the means employed in performing this power.

10. **Courts: Statutes.** A statutorily created court has only such authority as has been conferred upon it by statute. Thus, its powers are limited to those delineated by statute.

11. **Administrative Law: Statutes.** Administrative bodies have only that authority specifically conferred upon them by statute or by construction necessary to achieve the purpose of the relevant act.

12. **Administrative Law: Liquor Licenses.** The Nebraska Liquor Control Commission may impose conditions on a liquor license.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Michael F. Polk, of Sena, Polk & Stacy, L.L.P., for appellant.

William Acosta-Trejo, Assistant Omaha City Attorney, for appellees City of Omaha et al.

Douglas J. Peterson, Attorney General, and Milissa Johnson-Wiles for appellee Nebraska Liquor Control Commission.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

MILLER-LERMAN, J.

### NATURE OF CASE

After the Omaha City Council recommended denial, the Nebraska Liquor Control Commission (Commission) granted

- 216 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
ABAY, L.L.C. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 303 Neb. 214

Abay, L.L.C., a Class D liquor license for its convenience store, but restricted Abay from offering "single can sales" and "spirits/wine sales less than .375." Abay appealed the order of the Commission to the district court for Lancaster County. Following its review de novo on the record, the district court found that Abay had rejected the city council's suggested conditions of no single sales of beer and no distilled spirits less than 375 milliliters. The district court examined these conditions and determined that these restrictions on the liquor license were within the Commission's authority under the Nebraska Liquor Control Act, Neb. Rev. Stat. §§ 53-101 to 53-1,122 (Reissue 2010, Cum. Supp. 2016 & Supp. 2017), were reasonable, and were not arbitrary or capricious. The district court affirmed the Commission order. Abay appeals. Because there was competent evidence in the record for the district court's decision and it was not arbitrary, capricious, or unreasonable, we affirm.

STATEMENT OF FACTS

In 2017, Abay, doing business as Blondo Convenient Food Mart, applied for a Class D liquor license to sell packaged alcoholic liquor at its new store at 7901 Blondo Street in Omaha, Nebraska. See § 53-124. In July, the City of Omaha (City) held a public hearing to review the license application. At the city council hearing, Tesfaye Kinde, owner of Abay, offered evidence in support of its application. Kinde submitted photographs and testified about his other two successful convenience stores. The City and citizens offered objections to the Class D liquor license, in which they asserted a lack of need for an additional liquor license in the area. Generally, the City and citizen protestors claimed that allowing additional liquor sales would lead to more alcohol-related trash and vagrancy problems. At the hearing, members of the city council asked if Kinde would agree to "no single sales of beer in containers less than 40 oz's [sic] and no distilled spirits less

than 375 ml" to prevent a "cycle of people coming back and forth" for "airplane" shots, single cans, and other high alcohol content, low-volume beverages. Kinde noted that at one of his other convenience stores, he sells more small bottles than big bottles of liquor. He claimed that the proposed restrictions would "hurt the business a lot." Kinde declined to accept restrictions on the license. The city council subsequently denied recommendation for a license application.

Abay applied to the Commission for a Class D liquor license. The Commission held a hearing on Abay's application on October 18, 2017. Evidence was presented by Abay and by the City and citizen protestors. The City claimed that sales of small bottles were an issue, because such sales might lead to more trash in the area. Citizen protestors claimed, inter alia, that there "already are small alcohol bottles emptied around the neighborhood" and that there are problems with homeless people, trash, and alcohol bottles in a nearby creek. Kinde testified that at his other locations, he does not permit loitering and his employees pick up trash every 2 hours.

After taking the matter under advisement, in an order dated October 26, 2017, the Commission found that Abay met the criteria for a license as established in § 53-132(2), and issued a restricted license with two conditions: "No single can sales" and "No spirits/wine sales less than .375."

Abay appealed from the order of the Commission to the district court for Lancaster County in accordance with the Administrative Procedure Act. See § 53-1,116 (appeal from Commission order in accordance with Administrative Procedure Act); Neb. Rev. Stat. § 84-917 (Reissue 2014) (judicial review under Administrative Procedure Act). The district court noted that both the City and citizen protestors "expressed concerns about the litter in the area surrounding the store and how sales of single cans and small bottles of alcohol can create unsafe and unsanitary conditions in the neighborhood." Following its review de novo on the record, the district court found that

- 218 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
ABAY, L.L.C. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 303 Neb. 214

Abay had rejected the city council's suggested conditions of no single sales of beer and no distilled spirits less than 375 milliliters.

Given the understanding recited in its factual findings that the license permitted by the Commission order was conditioned on no single beer sales and no spirits or wine less than 375 milliliters, the district court determined that the Commission possessed the authority to grant a license with reasonable restrictions and conditions and concluded that the Commission's restrictions were reasonable and not arbitrary or capricious. The district court affirmed the Commission order.

Abay appeals the order of the district court.

## ASSIGNMENTS OF ERROR

Abay claims, restated, that the district court erred when it affirmed the order of the Commission because, in its view, the Commission lacks statutory authority to impose conditions or restrictions on a liquor license, and, in any event, the conditions imposed by the Commission were arbitrary, unreasonable, and vague as a matter of law.

## STANDARD OF REVIEW

[1-5] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *McManus Enters. v. Nebraska Liquor Control Comm., ante* p. 56, ___ N.W.2d ___ (2019). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those

- 219 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
ABAY, L.L.C. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 303 Neb. 214

findings. *Id*. Whether an agency decision conforms to the law is by definition a question of law. *Id*. To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented which an appellate court decides independently of the decision made by the court below. *Id*.

## ANALYSIS

As an initial matter, we note that the district court reviews a decision of the Commission de novo on the record under the Administrative Procedure Act. See § 84-917(5)(a). As stated above, in reviewing a district court's judgment for errors appearing on the record, we will not substitute our factual findings for those of the district court where competent evidence supports those findings.

[6-8] Proceedings in the district court reviewing a final decision of the Commission involve review without a jury de novo on the agency record. See *Schwarting v. Nebraska Liq. Cont. Comm.*, 271 Neb. 346, 711 N.W.2d 556 (2006). The district court is required to make independent factual determinations based upon the record and reach its own independent conclusions with respect to the matters at issue. See *id*. The district court is not required to give deference to the findings of fact made by the Commission, but it may consider the fact that the Commission, sitting as the trier of fact, saw and heard the witnesses and observed their demeanor while testifying and may give weight to the Commission's judgment as to credibility. See *id*. The district court may affirm, reverse, or modify the Commission's decision or remand the case for further proceedings. § 84-917(6)(b).

In this case, the district court made indepth factual determinations, and as we read the district court order, it found competent evidence in the record that the conditions in the Commission order prohibited single can sales of beer and "no distilled spirits less than 375 ml." To the extent that this

finding modified the Commission order, it was within the district court's authority to do so under the Administrative Procedure Act. See § 84-917(6)(b).

Abay contends that the Commission is empowered only to grant or deny a license and cannot impose conditions on a license. We do not agree.

[9] It is well established that the power of the State to absolutely prohibit the manufacture, sale, transportation, or possession of intoxicants includes the power to prescribe the conditions under which alcoholic beverages may be sold, and it may exercise large discretion as to the means employed in performing this power. *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 229 Neb. 530, 427 N.W.2d 784 (1988) (citing *Major Liquors, Inc. v. City of Omaha*, 188 Neb. 628, 198 N.W.2d 483 (1972)). Nebraska appellate courts and the Commission itself have long relied on this reasoning to conclude that the Commission can impose restrictions on a license as part of prescribing the conditions under which alcoholic beverages may be sold.

In *F & T, Inc. v. Nebraska Liquor Control Comm.*, 7 Neb. App. 973, 587 N.W.2d 700 (1998), the Nebraska Court of Appeals concluded that the power of the State to absolutely prohibit the manufacture, sale, transportation, or possession of intoxicants includes the power to prescribe the conditions under which alcoholic beverages may be sold and that it may exercise large discretion as to the means employed in performing this power. See, also, *Gas 'N Shop, supra.* The court's recognition of the broad range of powers given to the Commission through its statutory authority, including the ability to impose conditions explained in *F & T, Inc.* has since been followed both explicitly and implicitly. See, e.g., *City of Omaha v. C.A. Howell, Inc.*, 20 Neb. App. 711, 832 N.W.2d 30 (2013). In case No. S-18-045, an unpublished memorandum opinion filed on December 19, 2018, we recently reached a similar result in *ANS, Inc. v. Nebraska*

*Liquor Control Comm.*, in which we affirmed the order of the district court which had affirmed the order of the Commission which had found, inter alia, that a bar had violated an express condition of its Class C liquor license prohibiting a certain individual from involvement with the daily operation of the bar.

We further observe that because the Nebraska Liquor Control Act has been judicially construed to authorize the Commission to fix certain reasonable requirements upon a licensee and that construction has not evoked an amendment, we presume that the Legislature has acquiesced in the court's determination of the Legislature's intent. See *State v. Coble*, 299 Neb. 434, 908 N.W.2d 646 (2018).

Although not explicit in *F & T, Inc.*, we conclude that the authority of the Commission to impose conditions is consistent with its statutory powers. Section 53-101.05 provides:

> The Nebraska Liquor Control Act shall be liberally construed to the end that the health, safety, and welfare of the people of the State of Nebraska are protected and temperance in the consumption of alcoholic liquor is fostered and promoted by sound and careful control and regulation of the manufacture, sale, and distribution of alcoholic liquor.

Section 53-116 provides: "The power to regulate all phases of the control of the manufacture, distribution, sale, and traffic of alcoholic liquor, except as specifically delegated in the Nebraska Liquor Control Act, is vested exclusively in the [C]ommission." See, also, § 53-132 (regarding requirements for issuing retail license).

[10-12] We have repeatedly noted that

> a statutorily created court has only such authority as has been conferred upon it by statute. Thus, its powers are limited to those delineated by statute. [Citation omitted.] Administrative bodies, likewise, have only that authority specifically conferred upon them by statute or by

- 222 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
ABAY, L.L.C. v. NEBRASKA LIQUOR CONTROL COMM.
Cite as 303 Neb. 214

construction necessary to achieve the purpose of the relevant act.

*Jolly v. State*, 252 Neb. 289, 290, 562 N.W.2d 61, 63 (1997). Following our independent review of the law, we conclude that the statutes confer authority for the Commission to impose conditions on a liquor license and that the decisions of the Commission and of the district court in this case conform to the law. *McManus Enters. v. Nebraska Liquor Control Comm., ante* p. 56, ___ N.W.2d ___ (2019). Thus, we reject Abay's suggestion that the Commission cannot impose conditions on a liquor license.

Abay also maintains that because the Commission order did not explicitly refer to volume, the district court erred when it affirmed the reference in the Commission order relative to distilled spirits "less than .375." We do not believe that the district court erred.

As discussed above, the district court effectively found that the order should be read as "375 ml" and it found support in the record for this reading. To the extent that the district court order modified the Commission order, it had the authority to do so. § 84-917(6)(b). In its ruling, the district court emphasized "*the recommendation of the local governing body*" in an effort to highlight the reasonableness of the recommendation of the city council members that a license be restricted to "no distilled spirits less than 375 ml" which restriction was ultimately adopted by the Commission. The 375-milliliters volume is consistent with the concerns expressed by citizen protestors, also highlighted by the district court, about small bottles of liquor creating additional litter which would exacerbate an existing litter problem in the neighborhood and nearby creek. As noted above, we review this district court order for errors appearing on the record. *McManus Enters., supra*. Our review shows that there was competent evidence in the record for the district court's decision. It was neither arbitrary, capricious, nor unreasonable.

## CONCLUSION

Following our review of the district court order for errors appearing on the record, we reject Abay's assignments of error effectively challenging the validity and specificity of conditions on its Class D liquor license. In doing so, we hold that the Nebraska Liquor Control Act, §§ 53-101 to 53-1,122, empowers the Commission to include conditions on a liquor license if those restrictions are consistent with the purpose of the Nebraska Liquor Control Act and are reasonably necessary to the protection of the health, safety, and welfare of the people of the State of Nebraska and to the promotion and fostering of temperance in the consumption of alcohol. See § 53-101.05. The district court order was not arbitrary, capricious, or unreasonable, and there was competent evidence in the record for its decision. Accordingly, we affirm.

AFFIRMED.