Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/08/2021 09:11 AM CDT

- 610 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

Thomas Christopherson, appellant, v. Nebraska
Department of Health and Human Services,
an agency of the State of Nebraska,
et al., appellees.

___ N.W.2d ___

Filed March 12, 2021.    No. S-20-361.

1. **Termination of Employment: Wages: Equity: Words and Phrases.**
   Front pay as an equitable remedy in employment law is money awarded
   for lost compensation during the period between judgment and reinstate-
   ment or in lieu of reinstatement.
2. **Termination of Employment: Wages.** Front pay is a disfavored remedy
   that may be awarded in lieu of reinstatement, but not in addition to it,
   where the circumstances make reinstatement impractical.
3. ____: ____. The availability of front pay as a remedy presupposes that
   reinstatement is impractical or impossible due to circumstances not
   attributable to the plaintiff.
4. ____: ____. Front pay is a remedy designed to make the employee
   whole. Front pay is designed to achieve precisely what reinstatement
   would achieve, were reinstatement feasible: to place the wronged
   employee in the same position he or she would be in if reinstatement
   were possible.
5. ____: ____. Front pay makes up the difference between the earnings an
   employee would receive were the old employment to continue and the
   earnings expected in present and future employment.
6. ____: ____. Factors supporting front pay as an appropriate substitute
   remedy to reinstatement include hostility and animosity between the
   parties such that reinstatement is rendered impractical or inappropriate.

Appeal from the District Court for Lancaster County: Susan
I. Strong, Judge. Affirmed.

- 611 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

Ryan M. Kunhart and Gretchen L. McGill, of Dvorak Law Group, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and James A. Campbell, Solicitor General, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

The Nebraska Department of Health and Human Services (DHHS) terminated the employment of appellant Thomas Christopherson as a health program manager, after which Christopherson challenged the termination. He pursued the appropriate grievance proceedings and sought lost wages, including front pay, back pay, and lost benefits. DHHS ultimately withdrew the allegations against Christopherson. However, DHHS contested Christopherson's claim for "front pay," commonly viewed as money awarded in lieu of reinstatement of employment. Following a hearing, the State Personnel Board (Personnel Board) determined that an award of front pay was not appropriate. The Lancaster County District Court affirmed the Personnel Board's decision. Christopherson appeals. Because reinstatement of employment was possible, we find no errors appearing on the record and affirm the order of the district court.

## STATEMENT OF FACTS

Christopherson worked as a health program manager in DHHS' Division of Public Health's environmental health section from 1994 until 2018. In March 2018, Christopherson received a "Written Notice of Allegations" from his supervisor, Judy Martin, deputy director of community and environmental health for DHHS. Summarized, the written notice alleged:

> [1.] Christopherson appeared before a village board and urged the board to enter into a contract with his brother's employer. [DHHS] claimed that by doing so,

- 612 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

Christopherson used his position with [DHHS] to benefit his brother's company. . . .

[2.] Christopherson authorized the purchase of unnecessary items and then allowed private companies to keep them. . . . The amount involved exceeded $100,000. . . .

[3.] Christopherson used money [from] a fund dedicated to licensing on services or products that were unrelated to licensing. . . . [T]he sum of such expenditures was [over] $800,000 . . . .

[4.] Christopherson failed to ensure that water-well inspections occurred and that violations were enforced.

After Christopherson provided a written response to the allegations, the first allegation was withdrawn. His employment was ultimately terminated.

Christopherson followed the appropriate agency-level grievance procedure under the Classified System Personnel Rules & Regulations. In his grievance, Christopherson sought lost wages, including front pay, back pay, and lost benefits. Christopherson did not seek to be reinstated. This grievance was denied, and Christopherson appealed to the Personnel Board.

At the Personnel Board hearing regarding the merits of Christopherson's grievance, DHHS stated that it had agreed to withdraw the notice of discipline regarding the allegations from Christopherson's personnel file, accept his request for resignation or retirement, and issue him back pay through the date of the hearing. However, DHHS contested Christopherson's claim to front pay, or future earnings. The parties proceeded solely on the issue of front pay. And the issue of Christopherson's entitlement to front pay in lieu of reinstatement has emerged as the sole issue before us in this appeal.

Christopherson testified that he did not request reinstatement in his grievance because of the severity of the allegations surrounding his termination. He testified that he brought his "best work to work" every day for 24 years and was recognized for his work with awards. According to Christopherson, he consistently maintained a good working relationship with

his coworkers and supervisors, including Martin. He consistently received good performance reviews from his supervisors. Although Martin had given Christopherson the written notice of allegations and was present at the meetings where he was disciplined, Christopherson testified that Martin had told him she "regretted that this is what she had to do." In 2008, Christopherson won a "manager of the year" award at DHHS, and in 2017, the National Ground Water Association recognized his work.

Christopherson testified that "to be terminated, in my mind, for doing my job, I did not feel I wanted to go back and work in that environment" and that "[i]t's not practical." He claimed that he was "damaged" and that there were "a lot of rumors that I've been made aware of, people in the industry, people in State government. My credibility has been hit pretty hard. I was named as a person in a newspaper article[.]"

With regard to his job search following termination, Christopherson testified that he applied for over 20 different jobs in his field, but was unable to find other employment. He started his own consulting business on June 13, 2018. He earned less than $6,000 from his business during 2018 and the first half of 2019.

Christopherson also submitted evidence of his previous rate of pay, raises, and the value of his benefits relating to his claim of front pay, which he contended should cover the 4 fiscal years from his termination until his full retirement age in 2022.

The Personnel Board unanimously adopted the hearing officer's recommendation that the Personnel Board deny his claim for front pay. The hearing officer noted that his review of the Personnel Board decisions failed to find any case in which front pay had been awarded. With respect to the question of whether the Personnel Board had authority to award front pay, the hearing officer found that "[s]ufficient evidence and testimony was not presented so that a determination could be made as to whether or not the . . . Personnel Board has

- 614 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

authority to award front pay." However, the hearing officer noted that traditional legal criteria for awarding front pay included, among other factors, situations where the employee could not be reinstated. The hearing officer found that even if front pay was a remedy authorized for this type of grievance, there was not sufficient evidence to indicate that front pay in lieu of reinstatement would be appropriate. The hearing officer said:

> In this case reinstatement was possible. There was no showing of intense animosity between [Christopherson] and his supervisor. [Christopherson] had received an award from [DHHS] and had good performance evaluations. [DHHS] had a number of other positions of the same classification as the one held by [Christopherson] and many of these positions reported to different supervisors, so there was a high probability that if the relationship with his former supervisor was significantly damaged, [Christopherson] could have been reinstated to work for another supervisor. In addition, this area is no longer under the supervision of [DHHS]; it has been moved to the Department of Environmental Quality.

The hearing officer also found that Christopherson had not reasonably mitigated his damages, noting that Christopherson applied for a number of positions after his termination but ended his job search less than 2 months after he was terminated. The recommended order adopted by the Personnel Board found that front pay should not be ordered.

Christopherson sought review of the unfavorable decision of the Personnel Board in the district court. The district court first determined the Personnel Board did not have the power to award front pay under its grant of authority from the Legislature. It reasoned that front pay is an equitable remedy and that the Legislature must explicitly confer equitable power on an administrative agency like the Personnel Board. It further noted that the Personnel Board's regulations "do not provide for front pay" and that it had not ordered front pay in past cases.

- 615 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

The district court next found that even if the Personnel Board could award front pay, Christopherson was not entitled to it, because reinstatement of employment was possible. The district court noted:

> Christopherson testified that he always had a good working relationship with his coworkers and supervisors. . . . In fact, the supervisor who signed the notices of allegation and discipline told Christopherson that she regretted having to do so. . . . Christopherson argues that the nature of the allegations themselves showed that [DHHS] was extremely hostile towards him. But the record does not show that the allegations actually created a hostile environment for Christopherson. While he referred to "rumors," the evidence does not reveal how widely the charges were disseminated.

The court explained that "apart from the allegations themselves, there is little evidence that anyone in [DHHS] bore Christopherson ill will." The district court found that Christopherson "might have been able to step back into his old role" and determined he did not carry his burden of proving that reinstatement was not feasible and that he was therefore entitled to front pay in lieu thereof. The district court affirmed the Personnel Board's decision.

## ASSIGNMENTS OF ERROR

Christopherson assigns, summarized and restated, that the district court erred when it found that (1) the Personnel Board did not have the power to award front pay and (2) Christopherson did not carry his burden to show that reinstatement was not feasible and that he was entitled to front pay.

## STANDARDS OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Reissue 2014). When reviewing an order of a district court

- 616 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Abay, L.L.C. v. Nebraska Liquor Control Comm.*, 303 Neb. 214, 927 N.W.2d 780 (2019). An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id*. The meaning and interpretation of statutes and regulations present questions of law which an appellate court decides independently of the decision made by the court below. *Id*.

## ANALYSIS

Christopherson claims that the district court erred when it found that the Personnel Board lacked authority to grant the equitable relief of front pay. Christopherson specifically claims the district court erred when it found that he could be reinstated and that therefore, the Personnel Board properly denied his claim for front pay. We find no error by the district court.

*Front Pay.*

[1-5] Front pay as an equitable remedy in employment law has been described by the U.S. Supreme Court as "money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E. I. du Pont de Nemours & Co.*, 532 U.S. 843, 846, 121 S. Ct. 1946, 150 L. Ed. 2d 62 (2001). Courts have characterized front pay as a substitute for reinstatement. See *Sellers v. Mineta*, 358 F.3d 1058, 1063 (8th Cir. 2004) ("[f]ront pay is a disfavored remedy that may be awarded in lieu of reinstatement, but not in addition to it, where the circumstances make reinstatement impractical"). The availability of front pay as a remedy "presupposes that reinstatement is impractical or impossible due to circumstances not attributable to the plaintiff." *Id.* at 1064. Like reinstatement, front pay is a remedy

- 617 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

designed to make the employee whole. *Pollard v. E. I. du Pont de Nemours & Co., supra*. As one court explained, "front pay is designed to achieve precisely what reinstatement would achieve, were reinstatement feasible: to place the wronged employee in the same position he or she would be in" if reinstatement were possible. *Kempfer v. Automated Finishing, Inc.*, 211 Wis. 2d 100, 127, 564 N.W.2d 692, 703 (1997). Front pay "makes up the difference between the earnings an employee would receive were the old employment to continue and the earnings expected in present and future employment." *Id*. Thus, in a grievance proceeding, front pay substitutes for reinstatement, because it remedies future economic losses flowing from the employee's termination. *Id*. Front pay works in conjunction with recovery of past wage loss through a back pay award and ensures that the wronged employee is made whole. *Id*.

*Front Pay as a Remedy Under
the Personnel Rules.*

Christopherson first contends that the district court erred when it found that the Personnel Board did not have the power to award front pay. He argues that since the Personnel Board utilizes other equitable remedies such as reinstatement, and because reinstatement and front pay are alternative remedies, see *Sellers v. Mineta, supra*, it logically follows that the Personnel Board would also possess the power to award front pay as an alternative to reinstatement.

Below, we set forth the statutes pertaining to the Personnel Board from which Christopherson claims front pay could be impliedly authorized. Neb. Rev. Stat. § 81-1318 (Reissue 2014) provides for the creation of a State Personnel Board, describes how its members should be appointed and confirmed, and also references Neb. Rev. Stat. § 81-1318.01 (Reissue 2014) as the statute where the board's "powers" are enumerated. Section 81-1318 states in part:

The board may delegate to a group of three or more members any or all of the powers which it may

- 618 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

exercise. The board shall be authorized to designate and delegate *its powers under section 81-1318.01* to hearing officers to conduct grievance appeal hearings and recommend a decision to the board for final action. A vacancy in the board shall not impair the right of the remaining members to exercise all the powers of the board, and three members of the board shall at all times constitute a quorum of the board.

(Emphasis supplied.)

Section 81-1318.01, to which reference is made in § 81-1318, provides:

The State Personnel Board shall ensure the fair and equitable administration of the State Personnel System by:

(1) Operating as prescribed by rules and regulations adopted and promulgated by the personnel division of the Department of Administrative Services;

(2) Reviewing and approving, by majority vote, rules and regulations adopted and promulgated by the personnel division;

(3) Determining the grievability of issues or doing so through the designation of a board member. Issues determined to be not grievable shall be subject to summary dismissal;

(4) Adjudicating grievance appeals and rendering final binding decisions;

(5) Rendering decisions consistent with the rules and regulations adopted and promulgated by the personnel division;

(6) Reviewing and providing counsel regarding any matter affecting the State Personnel System; and

(7) Performing the actions required pursuant to the State Government Effectiveness Act.

We note and the parties acknowledge that the Classified System Personnel Rules & Regulations do not enumerate the remedies available to the Personnel Board in a grievance proceeding such as the one giving rise to this case. We agree with the parties that the record shows that certain equitable

- 619 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

remedies have been awarded in the past. But the failure to adopt "rules and regulations" upon which to equitably "render decisions" per § 81-1318.01(5) frustrates our analysis. Without such regulatory guidance, Christopherson asks this court to identify one of the "powers" of the Personnel Board to which reference is made in § 81-1318 as the authority to order front pay and to find that the district court erred as a matter of law when it declined to find that the equitable remedy of front pay was available. Because of our disposition as outlined below in which we agree with the district court that reinstatement is feasible, we need not resolve the issue of whether the authority to grant front pay is one of the "powers" to which reference is made in § 81-1318 and included in the "equitable administration" of the system by the Personnel Board in § 81-1318.01.

*Christopherson's Reinstatement.*

Other courts have held that front pay is available only when the employee cannot be reinstated. See *Sellers v. Mineta*, 358 F.3d 1058 (8th Cir. 2004). Although Christopherson contends there was sufficient hostility and animosity with his former employment such that reinstatement would be impossible, the district court found that Christopherson could be reinstated. We find no error by the district court.

[6] The jurisprudence recognizes that factors supporting front pay as an appropriate substitute remedy include hostility and animosity between the parties such that reinstatement is rendered impractical or inappropriate. See *Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319 (8th Cir. 1993). Such hostility must make an amicable and productive work relationship impossible. See *Cox v. Dubuque Bank & Trust Co.*, 163 F.3d 492 (8th Cir. 1998). In its decision, the district court offered examples of cases involving acts of extreme or excessive hostility, such as social media posts about the employee, managers attempting to "blackball" the employee in the industry, intimidation and harassment, repeated instances of harassment, and humiliation and threats that the manager

- 620 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

would find other ways to fire the employee. See, e.g., *Hunter v. Town of Mocksville, North Carolina*, 897 F.3d 538 (4th Cir. 2018); *Palasota v. Haggar Clothing Co.*, 499 F.3d 474 (5th Cir. 2007); *Hammond v. Northland Counseling Center, Inc.*, 218 F.3d 886 (8th Cir. 2000); *Standley v. Chilhowee R-IV School Dist., supra*; *Spulak v. K Mart Corp.*, 894 F.2d 1150 (10th Cir. 1990), *abrogated on other grounds, Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1983). A review of the case law indicates that front pay is often found in discrimination cases, where a hostile work environment leading to illegal discrimination could not easily be remedied with an order of reinstatement. For example, in the disability case of *Mathieu v. Gopher News Co.*, 273 F.3d 769 (8th Cir. 2001), the court found that the employee would face additional disputes about reasonable accommodations and would continue to be overseen by the person responsible for the discriminatory decisions if reinstated. Such an ongoing relationship was sufficient evidence of hostility to award front pay. *Id*.

In this case, the findings of the hearing officer as later endorsed by the district court as to why reinstatement was possible were stated as follows:

The only traditional criteria that [Christopherson] met for receiving front pay was that he was nearing retirement. He met none of the other criteria. There was a high probability that he could be successfully reinstated to a position with [DHHS]. There was no showing that the work conditions were too antagonistic for him to return. There was no showing that [DHHS] had a long history of resisting attempts to correct any discrimination or other human resources deficiencies in the way it treated its employees. In addition, [Christopherson] had a duty to mitigate. His mitigation efforts were insufficient in that he failed to seek comparable employment after June 21, 2018, and he did not seek reinstatement.

In our view, the foregoing findings were supported by the record. The record shows that unlike the repeated

- 621 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

harassment and hostility typically supporting awards of front pay, Christopherson's relationship with his managers and employer remained relatively professional despite the serious nature of the allegations from which this appeal arises. Christopherson testified that he consistently had a good working relationship with his coworkers and supervisors. Martin, Christopherson's supervisor, had told him she "regretted" having to proceed with the discipline and termination. Christopherson testified that he had 24 years of bringing his "best work" to DHHS and received favorable performance reviews and awards. The record does not show that the allegations and rumors actually created a hostile environment for Christopherson. According to the record, many available positions under different supervisors exist at the classification previously held by Christopherson, showing that Christopherson, if reinstated, could obtain comparable compensation and responsibility. As the hearing officer noted, the area in which Christopherson worked is no longer under the supervision of DHHS and has been moved to the Department of Environmental Quality, further distancing him from past management. The record supports a finding that Christopherson did not carry his burden to show that reinstatement was not feasible. Thus, he was not entitled to the alternative relief of front pay.

## CONCLUSION

The decision of the district court which affirmed the Personnel Board's decision to deny Christopherson's claim for front pay following his termination from DHHS is supported by competent evidence and is neither arbitrary, capricious, nor unreasonable. Accordingly, we affirm the order of the district court.

AFFIRMED.

CASSEL, J., concurring.

I do not understand anything in this court's opinion to express or foreshadow an opinion on whether front pay is

- 622 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
CHRISTOPHERSON v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 308 Neb. 610

authorized by either the statutes or the regulations applicable to the Personnel Board in grievance proceedings. Nor do I understand this court's holding—that sufficient evidence in the record supported the district court's finding that Christopherson did not prove reinstatement was not feasible—to imply that with different proof, front pay would have been available. With that understanding, I join the court's opinion.